**Gerber GONZALEZ–RAMIREZ, Petitioner,**

v.

**Eric H. HOLDER, Jr., Attorney General, Respondent.**

**No. 08–70441.**

United States Court of Appeals, Ninth Circuit.

Submitted Jan. 10, 2011.*

Filed Jan. 18, 2011.

Gerber Gonzalez–Ramirez, pro se.

OIL, Carol Federighi, Esquire, Senior Litigation Counsel, Jonathan Aaron Robbins, Esquire, Trial, DOJ–U.S. Department of Justice, Washington, DC, Chief Counsel Ice, Office of the Chief Counsel Department of Homeland Security, San Francisco, CA, for Respondent.

Before: BEEZER, TALLMAN, and CALLAHAN, Circuit Judges.

**MEMORANDUM ***

Gerber Gonzalez–Ramirez, native and citizen of Guatemala, petitions pro se for review of a Board of Immigration Appeals' ("BIA") order dismissing his appeal from an immigration judge's ("IJ") decision denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence factual findings. *INS v. Elias–Zacarias*, 502 U.S.

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

478, 481 & n. 1, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992). We deny the petition for review.

Substantial evidence supports the BIA's conclusion that Gonzalez–Ramirez failed to demonstrate past persecution on account of a protected ground because he could only speculate as to why his father was killed and the record does not compel the conclusion that he was threatened on account of a political opinion or his membership in a particular social group. *See id.* at 483–84, 112 S.Ct. 812. Substantial evidence also supports the BIA's conclusion that Gonzalez–Ramirez failed to establish he has a well-founded fear of future persecution because he can reasonably relocate to Guatemala City. *See Ochave v. INS,* 254 F.3d 859, 867–68 (9th Cir.2001). Accordingly, Gonzalez–Ramirez's asylum claim fails.

Because Gonzalez–Ramirez failed to meet the lower burden of proof for asylum, it follows that he has not met the higher standard for withholding of removal. *See Zehatye v. Gonzales,* 453 F.3d 1182, 1190 (9th Cir.2006).

The IJ did not expressly address Gonzalez–Ramirez's CAT claim. However, any error was harmless because the agency's finding that Gonzalez–Ramirez can relocate safely is supported by substantial evidence. *See Kamalthas v. INS,* 251 F.3d 1279, 1282 (9th Cir.2001) (evidence the petitioner can relocate to avoid torture is relevant to whether the petitioner has satisfied his burden for CAT relief); 8 C.F.R. § 1208.16(c)(3)(ii).

**PETITION FOR REVIEW DENIED.**